Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2969 | **DATE** | 8/24/2004 |
| **CASE TITLE** | Easley v. Verizon Wireless, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, this court grants defendants' motions to dismiss (Doc. #s 25, 26, 32, & 44). Plaintiff's second amended complaint is hereby dismissed, with prejudice. This case is terminated.

(11) [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 8-26-04 date docketed | 81 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| aed/lc | courtroom deputy's initials | 2004 AUG 25 PM 6:44 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATONYA EASLEY, | ) |
| Plaintiff, | ) |
| | ) No. 03 C 2969 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| VERIZON WIRELESS, SBC COMMUNICATIONS INC., MARIO CRAWFORD, LEON BANKS, CITY OF CHICAGO, UNITED STATES OF AMERICA, FEDERAL BUREAU OF INVESTIGATION, AND DRUG ENFORCEMENT ADMINISTRATION, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are the four motions to dismiss filed by defendant Verizon Wireless, defendant SBC/Ameritech Corp., defendant City of Chicago (whose motion was adopted by defendants Crawford and Banks), and defendants United States of America, Federal Bureau of Investigation, and Drug Enforcement Administration. For the reasons set forth below, defendants' motions are granted, and plaintiff LaTonya Easley's second amended complaint is dismissed in its entirety, with prejudice.

## I. Background

On May 2, 2003, plaintiff (proceeding *pro se*) filed her original complaint in this matter. It numbered 79 pages. Plaintiff subsequently moved for the appointment of counsel and applied to proceed *in forma pauperis*. By an order dated May 21, 2003, this court granted plaintiff's application to proceed *in forma pauperis* but dismissed her complaint for failure to state a coherent claim.

Subsequently, on May 29, 2003, plaintiff moved to vacate the dismissal of her case. The court treated her motion as one for leave to file an amended complaint and, on June 4, 2003, granted the motion. In so doing, the court instructed plaintiff that the allegations in her complaint were impossible to follow and explicitly warned her that if her amended complaint was "equally incomprehensible," it would be dismissed and the court would not "grant leave the next time" (*i.e.*, to file another amended complaint).

On June 13, 2003, plaintiff filed a 31-paged amended complaint, along with 26 pages of attachments. During a July 9, 2003 status hearing, the court informed plaintiff that the first amended complaint would be dismissed for her failure to comply with Federal Rules of Civil Procedure Rule 8(a)'s "short plain statement" requirement. In so ruling, the court outlined for plaintiff the pleading requirements established by Rule 8 and specifically explained how her complaint failed to meet those requirements. The court also identified specific examples of the defects in plaintiff's pleading, focusing particularly upon plaintiff's confusing and extensive recitation of numerous conversations and interactions with and between defendants and other parties. The court explained that plaintiff was required "to state in a short, concise form what the defendants did that gives [her] a right to relief." Finally, the court warned plaintiff, "this is the last time [the court is] going to allow an amendment to this complaint." In other words, the court instructed plaintiff, "You need to get . . . an amended complaint on file that sets forth in some comprehensible fashion what your claims are. Otherwise, I'm going to dismiss the case with prejudice." Accordingly, the court issued an order dismissing the first amended complaint and granting plaintiff leave to file a second amended complaint.

On July 17, 2003, plaintiff filed her second amended complaint, which consists of 28

pages of text, plus 31 pages of attachments.[1] On August 19, 2003, plaintiff again moved for the appointment of counsel. On August 26, 2003, the court denied said motion.

Over the next several months, the numerous defendants in this action were served with and/or received copies of the second amended complaint and summons.[2] Thereafter, defendants filed their respective motions to dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. In June 2004, this court granted the City's motion to intervene on behalf of Banks and Crawford and to vacate the clerk's default judgments previously entered against them. It also granted leave to defendants Banks and Crawford to adopt the City's motion to dismiss.

Defendants' motions are now fully briefed and ripe for decision.[3]

## II. Analysis

### A. The Pleading Requirements Established by Fed. R. Civ. P. Rule 8

Defendants have moved to dismiss plaintiff's second amended complaint, first and foremost, on the grounds that the complaint is incomprehensible, unintelligible, and inscrutable.

---

[1] One of the attachments is an eight-paged document titled "Facts Stated to Claims," which does not differ in any meaningful way from the text of the complaint, itself. It contains various purported general statements of law and vague allusions to plaintiff's claims. Consistent with Rule 10(c) of the Federal Rules of Civil Procedure, in ruling upon defendants' motions, the court treats the attachments as part of the second amended complaint.

[2] Some of the parties have indicated in their motions to dismiss that service may not have been proper, but they do not contest service for the purposes of their motions. Relatedly, who plaintiff has intended to make defendants in this case has been something of a moving target since the filing of the original complaint and remains unclear. It is not necessary for the court to address or resolve either of these issues due to its other findings, as set forth below.

[3] At various times, plaintiff filed numerous other motions, almost all of which were denied by this court. However, the court granted plaintiff's motion to dismiss two defendants pursuant to Rule 17(a). On July 22, 2004, it also granted her motion to file a response brief directed at Banks and Crawford (each of whom adopted the City's motion to dismiss). To date, plaintiff has not filed any such response brief(s).

In other words, they all essentially contend that plaintiff has failed to comply with Rule 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also* Fed. R. Civ. P. 8(e) (requiring that allegations in a complaint be "simple, concise, and direct").

Under Rule 8, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs. Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (internal quotations and citations omitted). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged. *See Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom*, 20 F.3d at 775-76. Thus, a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is that the plaintiff is claiming. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

## B. Plaintiff's Second Amended Complaint

Here, plaintiff has had three opportunities to set forth her claims in a comprehensible fashion. On this, her third try, she has once again fallen far short of doing so.

Although the second amended complaint is shorter than the two previous versions, it duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. Indeed, many paragraphs contained within the first amended complaint are repeated verbatim or nearly verbatim in the second amended complaint. Moreover, much of the second amended complaint consists of precisely the type of allegations that the court instructed plaintiff

*not* to include in amending her complaint (*i.e.*, her extensive and profoundly confusing allegations regarding numerous incidents, conversations, *etc.*, virtually none of which aids the court in discerning the nature or contours of plaintiff's claims). Finally, notwithstanding the court's clear and specific instructions to plaintiff, the narrative set forth in her second amended complaint is generally rambling and confusing, rather than "concise" or "comprehensible." It contains sentences that range from grammatically improper to utterly nonsensical.[4] As a whole, the second amended complaint is prolix and fatally incoherent.

Based upon those deficiencies, the court can only guess that plaintiff intended to allege some kind of vague wiretap "conspiracy" involving many individuals, organizations, and agencies and taking place from roughly 1994 to 1997. She makes what can only be described as a hodgepodge of repetitive references to: (1) an alleged wire tap, telephone call interceptions, and other surveillance and investigation of her (in connection with "the 1988 case of Kenji Pace

---

[4] *See, e.g.*, 2nd Am. Cmplt ¶ 1 ("The plaintiff states she was never told by defendants, Marsha Thomas and Mario Crawford and Frank Tucci and Leon Banks and Barry (last name unknown) in civil litigation at any time by them or any of their family and friends and work associates"); *Id.*, ¶ 28 ("The defendant Mario was able to conspire with allegedly Marsha Thomas and Leon and S/A Frank Tucci and other unknown DEA Agents and Phillip Edwards and intentionally and knowingly intercept the plaintiff's telephone line with reckless regard to the plaintiff's feeling to injure and cause harm by negligence of an intimate relationship"); *Id.*, ¶ 29 ("The plaintiff was unable to report alleged corrupt actions without knowledge of defendants based on the on-going illegal wire-tapping, which led to continued harassment"); *Id.*, ¶ 31 ("The defendants knowingly and intentionally with willful and wanton conduct obtained authorized wire interception by use and abuse of power and authority with Ameritech Agents whom may not have always check for a valid warrant based on the established relationship with the DEA and FBI and Ameritech/SBC and Ameritech/Verizon"); *Id.*, ¶ 33 ("The plaintiff states the defendants knowingly and intentionally from 3/1994 to 4/1996 by means of illegal wire tapping the known user and bill to Tonya [] violated the Thirteen Amendment and Force Labor violation of FCRP 18 USC 1589 at time Kenji Pace was under investigation for Drugs and Taxes in which plaintiff had not seen since 5/1999 in a public place 'Chicago Customer Wheels' by ownership of Norvice Landon"); and *Id.*, ¶ 56 ("The defendants S/A Frank Tucci and Unknown DEA Agents and Leon and Mario and Marsha Thomas (Municipal Corporation) and The Chicago Office of The FBI for Malicious investigation based on misrepresentations of facts about the plaintiff person's to the FEDS/DEA from the alleged defendants, police informants and undercover narcotic officers, and informants and snitches").

and Latonya Easley" and otherwise) (*see* 2nd Am. Cmplt, ¶¶ 7-9, 13-18, 21-23, 25-26, 28-35, 37, 39, 51-52, 64-65, 68, 70, 71, 89);[5] (2) her belief that she was improperly identified as a law enforcement "snitch" and corresponding defamation of her character (*see Id.*, ¶¶ 12, 41-55, 57, 59); (3) alleged forced labor on her part (premised upon the notion that plaintiff unwittingly and unwillingly aided the government through her comments in recorded conversations) (*see Id.*, ¶¶ 33-35); (4) her dating of an undercover narcotics officer (identified as Mario Crawford) (*see Id.*, ¶¶ 35, 41-45, 58); (5) defendants' alleged conspiracy to force the termination of plaintiff's employment with SBC and/or Verizon (where one was the corporate predecessor of the other) (*see Id.*, ¶¶ 69-71, 74, 76, 82); (6) efforts to "exonerate" Crawford that led to the violation of plaintiff's constitutional rights (*see Id.*, ¶¶ 69, 73); (7) endangerment of plaintiff's life through the illegal manufacture of a controlled substance and/or her association with illegal drug manufacturers (*see Id.*, ¶¶ 41-45, 50, 54-55); and (8) defendants' alleged harassment of plaintiff through their "watching nice cars parked in front of the home of the plaintiff," displaying vanity license plates that contained "code name and language," driving recklessly in front of her one day in August 1998, and sending Ameritech employees to drive around her house and harass her (*see Id.*, ¶¶ 11, 65-66, 84-85).[6] None of these jumbled allegations or beliefs, taken either separately or in the aggregate, tells a coherent story. Instead, with respect to the factual bases for plaintiff's claims, the second amended complaint is – like its predecessors – impenetrable and insufficient.

---

[5] In this vein, plaintiff repeatedly contends that the alleged interception of her oral and telephone communications and other investigation of her was effected "by obtaining an authorized wire tap" through the provision of misleading and false information to the judge who subsequently issued a search warrant. *Id.*, ¶ 8. *See also Id.*, ¶¶ 22, 31, 90.

[6] Based upon these alleged wrongs, plaintiff seeks damages in excess of $600 million.

Relatedly, the second amended complaint also fails to make clear the nature, let alone the contours, of plaintiff's purported legal theories/claims. Instead, her "legal" allegations are jumbled, internally inconsistent, and vague. Plaintiff cites as the legal bases for her claims a handful of statutes (including 42 U.S.C. § 1983 (creating a cause of action against those acting under color of state law who cause a deprivation of any rights, privileges, or immunities secured by the United States Constitution and the laws of the United States), 41 U.S.C. § 601 (governing the resolution of contract disputes involving the federal government); 18 U.S.C. § 1589 (criminalizing forced labor); 18 U.S.C. § 2510, *et seq.* (*i.e.*, the Federal Wiretapping Act) (authorizing recovery of civil damages for illegal electronic surveillance, while expressly stating that this remedy is available against persons or entities "other than the United States");[7] 21 U.S.C. § 858 (criminalizing the endangerment of human life in connection with the illegal manufacture of controlled substances); and 28 U.S.C. §§ 1346(b), 2671, *et seq.* (*i.e.*, the Federal Tort Claims Act) (providing a waiver of sovereign immunity and creating federal jurisdiction to decide cases against the federal government for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government under certain circumstances)) *and* the First, Fourth, Fifth, Tenth, Thirteenth, and Fourteenth Amendments to the Constitution. Then, conversely, in her responses to defendants' motions to dismiss, plaintiff states that she is asserting six claims in this lawsuit and that five are based upon alleged constitutional violations, while the sixth is based upon an alleged "endangerment" of her life. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (courts should consider

---

[7] The Seventh Circuit has held that this statute likewise does not allow for suits against municipalities. *See Amati v. City of Woodstock*, 176 F.3d 952, 956 (7th Cir. 1999) (citing 18 U.S.C. § 2510(6)).

allegations contained in *pro se* plaintiffs' other filings in ruling upon motions to dismiss).

Based on the foregoing, it is clear that plaintiff has failed, for the third time, to abide by the requirements of Rule 8(a). Reading the complaint as a whole, it is impossible to ascertain what plaintiff alleges was done to her and by whom, let alone how defendants' actions formed or manifested a conspiracy and/or violated the law. As such, the second amended complaint shall be dismissed.

### C. Dismissal With Prejudice

Rule 15(a) provides that a court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. Rule 15(a). However, a party's repeated failure to cure deficiencies through previously-allowed amendments justifies the denial of leave to amend a complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given'"). *See, e.g., Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1021 (7th Cir. 1992) (upholding denial of leave to correct pleading deficiency by filing third amended complaint where plaintiff "had fair notice of its pleading deficiencies from the defendants' motion to dismiss, but it chose to ignore that warning").

Here, the court provided plaintiff with ample warning of the consequences of her repeated failure to comply with the pleading requirements established by Rule 8. Subsequently, when faced with her third opportunity to draft a compliant complaint, plaintiff nonetheless failed to do so. Under these circumstances, dismissal with prejudice is appropriate. That is, plaintiff will *not*

be permitted to file another amended complaint in this action. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("It is even possible to justify dismissal with prejudice if the complaint remains incomprehensible after opportunity to amend").

Plaintiff's *pro se* status does not excuse her failure to comply with the pleading requirements established by the rules or require imposition of a less severe consequence. As a general matter, a *pro se* litigant's pleadings are held to a less stringent standard than those of litigants who are represented by counsel. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, a *pro se* litigant nonetheless must act in accordance with court rules and directives. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders" or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines") (citations omitted). Plaintiff failed to follow the applicable rules and this court's specific directives when, for the third time, she filed a complaint that utterly fails to comply with Rule 8. Notwithstanding her *pro se* status, this failure justifies dismissal with prejudice of the second amended complaint. *See, e.g., Lyon v. Brown*, No. 97-1698, 1998 U.S. App. LEXIS 9786, at *5-6 (7th Cir. May 12, 1998) (upholding dismissal with prejudice of *pro se* plaintiff's third amended complaint for failure to state a claim upon which relief may be granted; plaintiff had "repeatedly failed to remedy the same deficiencies," as he merely "realleged the same claims that the district court previously dismissed" and "did not cure the deficiencies of the

earlier complaints," despite the district court's "highlight[ing] the specific problems" therein).[8]

### III. Conclusion

For the foregoing reasons, defendants' motions to dismiss are granted, and plaintiff's second amended complaint is dismissed in its entirety, with prejudice.

Enter:

                                       _____
                                       David H. Coar
                                       United States District Judge

Dated: August 24, 2004

---

[8] Defendants have argued in the alternative that, to the extent any comprehensible claim can be discerned from the complaint, the complaint nonetheless fails to state a claim upon which relief may be granted and, thus, must be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Dismissal under this provision "is warranted if the plaintiff can prove no set of facts in support of [her] claims that would entitle [her] to relief." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Thus, the court's task is to "examine[] the allegations in the complaint to determine whether they pass muster." *GE Capital*, 128 F.3d at 1080. In so doing, the court assumes the truth of all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Antonelli*, 81 F.3d at 1427; *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). As set forth above, plaintiff's allegations are not well pled and, in fact, are inscrutable. Thus, the second amended complaint would not be amenable to the analysis required by Rule 12(b)(6). In any event, in light of the court's ruling that the second amended complaint should be dismissed with prejudice for plaintiff's repeated failure to draft a pleading that complies with Rule 8's requirements, it is simply not necessary to address defendants' numerous arguments for dismissal pursuant to Rule 12(b)(6).